IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GLEN DAVID BATTISE, JR.                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:11cv317-HSO-RHW

MICHAEL ASTRUE
Commissioner of Social Security                                                  DEFENDANT

**ORDER ADOPTING MAGISTRATE JUDGE'S [20] PROPOSED
FINDINGS OF FACT AND RECOMMENDATION, AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

This matter comes before the Court on the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker, entered in this case on March 25, 2015. Magistrate Judge Walker recommended that this case be dismissed without prejudice for Plaintiff's failure to prosecute. Proposed Findings of Fact and Recommendation [20] at 2. The envelope [21] containing the Proposed Findings of Fact and Recommendation was returned as undeliverable. To date, Plaintiff has not filed any objection to the Proposed Findings of Fact and Recommendation.

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Even if the Court were to conduct a de novo review, dismissal of Plaintiff's claims is warranted. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962); McCullough v Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. See Link, 370 U.S. at 630-31.

Plaintiff had previously been warned that his failure to prosecute could result in the dismissal of his case. In Magistrate Judge Walker's January 20, 2015, Order [17] Granting Motion to Withdraw and Extending Briefing Schedule, Bradley H. Ezell was terminated as counsel for Battise and Mr. Ezell was instructed to mail a copy of the Order to Battise at his last known address.[1] The Order further extended to March 20, 2015, the deadline for Battise to file a memorandum brief in accordance with subsection 1(a) of the Order [15] Setting Deadlines and Briefing Schedule for Review of Social Security Decision. The Order [17] extended the memorandum deadline to allow Battise "the opportunity either to obtain substitute counsel or to file and serve a *pro se* memorandum brief in support of his claim" and he was cautioned that "failure to obtain substitute counsel or to file a *pro se* memorandum brief in support of his

---

[1] Mr. Ezell filed a Notice [19] of mailing on February 5, 2015.

claim" would result in his case being dismissed for failure to prosecute. Order [17] at 1-2. The envelope [18] containing the Order [17] was returned as undeliverable. The March 20, 2015, deadline passed without any communication from Battise, and he has taken no further action in this case.

After review of the record, the Court, being fully advised in the premises, finds that the Proposed Findings of Fact and Recommendation [20] is neither clearly erroneous nor contrary to law, and should be adopted as the opinion of this Court. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker, entered in this case on March 25, 2015, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this 21st day of April, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE